UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMCO INSURANCE COMPANY, *et al.*,<br><br>                    Plaintiffs,<br><br>         v.<br><br>COBANK, ACB,<br><br>                    Defendant. | No. 16-cv-4422-LTS-HBP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'[1]
MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**

---

[1] Plaintiffs are AMCO Insurance Company, American Family Life Assurance Company of Columbus, Americo Financial Life and Annuity Insurance Company, Athene Annuity and Life Company, Bank of Utica Investment Subsidiary, Ltd., Beaumont Health, Bio-Rad Laboratories, Inc., Continental Casualty Company, Crestbrook Insurance Company, Dedham Institution for Savings, Ephrata National Bank, Erie Family Life Insurance Company, Federated Life Insurance Company, Great Southern Life Insurance Company, Health Care Service Corporation, Metropolitan Life Insurance Company, Mutual of America Life Insurance Company, Nationwide Life and Annuity Insurance Company, Nationwide Life Insurance Company, Nationwide Mutual Insurance Company, The Northwestern Mutual Life Insurance Company, Ohio National Life Assurance Corporation, The Ohio National Life Insurance Company, Scottsdale Insurance Company, Scottsdale Surplus Lines Insurance Company, Tauck, Inc., Thrivent Financial for Lutherans, Veterinary Pet Insurance Company, Victoria Fire & Casualty Company, and Waukesha State Bank.

Plaintiffs respectfully submit this memorandum of law in support of their motion pursuant to file certain exhibits under seal in connection with their Motion for Summary Judgment pursuant to Federal Rule of Civil 56 for partial summary judgment against Defendant CoBank, ACB ("CoBank").

**ARGUMENT**

In support of Plaintiffs' Motion for Summary Judgment, attached to the Declaration of Gordon Z. Novod dated March 13, 2018 ("Novod Declaration) are certain documents and testimony produced in this litigation designated as "Confidential Material" or "Advisors' Eyes Only" (referred to together as "Protected Material"). Pursuant to the Stipulation and Protective Order dated December 21, 2016 ("Protective Order") governing the parties' use of these documents (ECF 63), Plaintiffs request that these documents, and any reference to such documents in (i) Plaintiffs' Statement of Undisputed Material in Facts in Support of Their Motion for Summary Judgment, (ii) Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment as to Liability, and (iii) Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment as to Damages Methodology (collectively, "Plaintiffs' Summary Judgment Supporting Documents") be maintained under seal at this time.

Plaintiffs have designated Exhibits 37, 80, and 88 to the Novod Declaration as Protected Material and represent in good faith that the exhibits contain confidential information. Similarly, the Exhibits designated as Protected Material by Defendants, Exhibits 31-36, 38, 41-42, 46-51, 53, 56-72, 74-76, 78, 86-87, 89, 103, 115, and 118-122 have been designated as containing confidential information. Thus, the producing parties have asserted privacy interests in these documents, and such interest should be protected. *See New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Courts can seal business information that might harm a litigant's competitive standing in the market . . . . particularly where the disclosing company is

engaged in a highly competitive industry and deliberately has shielded such information from its competitors.") (internal citations omitted); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2nd Cir. 2006) (noting that the Court should balance privacy interests against the right to public access of judicial documents). Thus, Plaintiffs seek to seal only Exhibits 31-38, 41-42, 46-51, 53, 56-72, 74-76, 78, 80, 86-87, 89, 103, 115, and 118-122, as well as those portions of Plaintiffs' Summary Judgment Supporting Materials that would disclose the contents of these exhibits. This request to seal is narrowly tailored. *Id.*

As mandated by the Protective Order, "Confidential Material," which includes material designated as "Advisors' Eyes Only," that is

> filed in any court, and all portions of pleadings, motions, or other papers filed with a court that disclose Confidential Information or Advisors' Eyes Only Information, shall be filed in redacted form, with all Confidential Information and Advisors' Eyes Only Information redacted along with an unredacted copy filed under seal with the Clerk of the Court and kept under seal until further order of the relevant court, and provided to the Court and all Parties entitled to receive such Confidential Information or Advisors' Eyes Only Information.

ECF 63 at ¶ 11. Thus, the Protective Order, which this Court endorsed, requires the materials identified herein to be filed under seal. Accordingly, Plaintiffs' motion to file certain documents under seal and to file redacted versions of those documents that refer to confidential information should be granted.

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant Plaintiffs' Motion to File Under Seal.

Dated: New York, New York  
March 13, 2018

GRANT & EISENHOFER P.A.  
By: /s/ Gordon Z. Novod  
    Jay W. Eisenhofer  
    Gordon Z. Novod  
    Caitlin M. Moyna  
    Jonathan D. Park  
485 Lexington Avenue, 29th Floor  
New York, New York 10017  
(646) 722-8500

*Attorneys for Plaintiffs*