UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMCO INSURANCE COMPANY, *et al.*,

                Plaintiffs,

    - against -                   No. 16-cv-4422 (LTS)

COBANK, ACB,

                Defendant.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF COBANK'S MOTION FOR SUMMARY JUDGMENT REGARDING DAMAGES

Shawn Patrick Regan
Joseph J. Saltarelli
Peter Mustalish
Jennifer Bloom
Silvia N. Ostrower
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
(212) 309-1000

*Attorneys for Defendant
CoBank, ACB*

# TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF UNDISPUTED MATERIAL FACTS | 2 |
| ARGUMENT | 3 |
|    1. As a Matter of Law, Plaintiffs Cannot Claim to Suffer Any Economic Damages Until April 16, 2018. | 3 |
|    2. Because Plaintiffs Cannot Claim to Suffer Any Economic Damages Until April 16, 2018 at the Earliest, as a Matter of Law, Prejudgment Interest Cannot Begin to Accrue Until Then. | 6 |
| CONCLUSION | 7 |

## **TABLE OF AUTHORITIES**

**Cases**                                                                                       **Page(s)**

*AboveNet Communications, Inc. v. A&D Data Corp.*,
　2010 WL 235005 (S.D.N.Y. Jan. 19, 2010) .................................................................3, 6

*Goodstein Constr. Corp. v. City of New York*,
　80 N.Y.2d 366 (1992) ........................................................................................................6

*Granite Ridge Energy, LLC v. Allianz Global Risk U.S. Ins. Co.*,
　979 F. Supp. 2d 385 (S.D.N.Y. 2013) ...............................................................................1

*Oscar Gruss & Son, Inc. v. Hollander*,
　337 F.3d 186 (2d Cir. 2003) ..............................................................................................6

**Other Authorities**

CPLR 5001(a) ..........................................................................................................................1

CPLR 5001(b) .....................................................................................................................6, 7

Fed. R. Civ. P. 56 ....................................................................................................................1

Restatement [Second] of Contracts § 347 ..............................................................................6

Robert L. Haig, Commercial Litigation in New York State Courts § 48:14 ..........................6

Defendant CoBank, ACB ("CoBank") respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, with respect to an issue of law on damages. The Court does not need to reach this damages issue if it grants summary judgment in favor of CoBank on liability, as CoBank believes it should.

## PRELIMINARY STATEMENT

Plaintiffs claim entitlement to: (i) four semi-annual interest payments they would have received on October 15, 2016, April 15, 2017, October 15, 2017 and April 15, 2018[1] had CoBank not redeemed the 2008 Notes; and (ii) prejudgment interest, under CPLR 5001(a), dating back to the redemption date of April 15, 2016.

But Plaintiffs' Complaint artfully omits the Agreement's limitation of remedies.[2] Under that limitation, if Plaintiffs are correct that CoBank was not entitled to redeem the Notes, then Plaintiffs have no right to have received their principal before April 16, 2018 (the maturity date). (Regan Decl. Ex. 14 at A-2.) Until that date, Plaintiffs will have received *more* funds than they were entitled to receive and will have suffered no damages. As such, Plaintiffs cannot assert a claim for prejudgment statutory interest prior to April 16, 2018.[3]

---

[1] *See* Declaration of Shawn Patrick Regan ("Regan Decl.") Ex. 25, Feb. 9, 2018 Third Corrected Report of Plaintiffs' Expert G. Grant Lyon, at 9 (characterizing plaintiffs' requested damages ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

[2] Capitalized terms have the same definition as in CoBank's principal memorandum of law addressing liability being contemporaneously filed. For efficiency and convenience, CoBank has not repeated those definitions herein.

[3] The issues presented here are proper for resolution at summary judgment. *Granite Ridge Energy, LLC v. Allianz Global Risk U.S. Ins. Co.*, 979 F. Supp. 2d 385, 390-91 (S.D.N.Y. 2013) (damages methodology and determination of prejudgment interest may be properly determined by Court on summary judgment).

## STATEMENT OF UNDISPUTED MATERIAL FACTS[4]

Plaintiffs' Second Amended Complaint (ECF No. 55) ("SAC") purports to set forth the Agreement terms governing remedies available in the event of a breach. But Plaintiffs selectively quote the provision, omitting the key terms highlighted in bold below:

> (b) <u>Remedies Upon Breach of Other Obligations</u>. In the event that the Bank fails to perform any of its other obligations under this Agreement or the [Notes], each Holder of the [Notes] may pursue any available remedy to enforce the performance of any provision of this Agreement or the [Notes]; **provided, however, that such remedy shall in no event include the right to declare principal on the [Notes] immediately due and payable.** A delay or omission by any Holder in exercising any right or remedy accruing as a result of the Bank's failure to perform its obligations under this Agreement or the [Notes] and the continuation thereof shall not impair such right or remedy or constitute a waiver of or acquiescence in such non-performance by the Bank. To the extent permitted by law, no remedy is exclusive of any other remedy and all remedies are cumulative.

(Regan Decl. Ex. 26 ¶106; *cf.* SOF ¶ 31; *id.* Ex. 14 at A-21 – A-22 § 6(b) (emphasis added).)

Indeed, Plaintiffs' Complaint also omits entirely paragraph 6 and 6(a) of the Agreement, which limit the remedy of acceleration of return of principal to only an "Event of Default," and define that term to include only appointment of a receiver or conservator:

> 6. <u>**Remedies. Holders of the Securities may enforce this Agreement or the Securities only in the manner set forth below**</u> (an event described in section 6(a) is referred to herein as an "Event of Default").
>
> (a) <u>Acceleration Upon Liquidation</u>. In the event that the Farm Credit Administration Board appoints a conservator or receiver for the Bank pursuant to Section 2710 of the Farm Credit Act of 1971, as amended, or any successor thereto, the [Notes] will upon the appointment of such conservator or receiver immediately become due and payable in full without any action on the part of any Holder.

---

[4] CoBank's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment is filed contemporaneously with this Motion. Citations to the Statement of Facts are hereinafter referred to as "SOF ¶ __."

> **Notwithstanding any other provision of this Agreement or the [Notes], in no event shall any Holder of the [Notes] be entitled to declare the [Notes] to immediately mature or otherwise be immediately payable.**

(SOF ¶ 31; Regan Decl. Ex. 14 at A-21 – A-22, ¶ 6 (emphasis added).)

There is no dispute that during the period between issuance of the 2008 Notes (on April 18, 2008) and the present, the FCA Board has not appointed a conservator or receiver for CoBank. (SOF ¶ 65.) No other circumstance allows for acceleration under the Agreement.

## ARGUMENT

### 1. As a Matter of Law, Plaintiffs Cannot Claim to Suffer Any Economic Damages Until April 16, 2018.

Under New York law[5], where a contract calls for periodic payments, *absent an acceleration provision* a plaintiff alleging breach is entitled to recover funds only as they would have come due under the agreement. *AboveNet Communications, Inc. v. A&D Data Corp.*, 2010 WL 235005, at *5 (S.D.N.Y. Jan. 19, 2010) ("As a general matter, New York Courts have held that if the injured party seeks relief for the breach of a contract calling for periodic payments over time, *absent an acceleration provision* he may recover only those payments that the defendant had failed to make as of the time of the filing of the lawsuit.") (emphasis added).

Here the Agreement not only fails to provide for acceleration under the circumstances alleged by Plaintiff, the Agreement expressly bars Plaintiffs from such relief. Accordingly, if Plaintiffs' theory is correct and CoBank was not entitled to redeem the 2008 Notes, then — under the terms of the Agreement and New York law — Plaintiffs were not entitled to receive 100% of their principal on April 15, 2016. Instead, they were entitled to receive: (i) on April 15, 2016, only an amount equal to one interest payment (*i.e.*, 3.9375% of their invested principal,

---

[5] The Agreement is governed by New York law. (SOF ¶ 29.)

3

which is one-half of the annual 7.875% interest rate payable semi-annually); (ii) subsequent interest payments on October 15, 2016, April 15, 2017, and October 15, 2017; and (iii) an interest payment and return of principal on April 16, 2018 (the maturity date). (Regan Decl., Ex. 14 at A-2.)

To illustrate, assume a plaintiff held $1,000,000 face value of the 2008 Notes. If Plaintiffs are correct that CoBank was not entitled to redeem the 2008 Notes on April 15, 2016, then on that date the hypothetical plaintiff should <u>not</u> have received the $1,000,000 principal amount, but instead should have received only the interest payment of $39,375 (one-half of the 7.875% interest payment). All Plaintiffs in fact received such semi-annual interest payment on that date. Thus, the hypothetical plaintiff cannot claim to have suffered any economic damages as of April 15, 2016: the plaintiff had received $1,000,000 more than it was entitled to have received. Nor can the hypothetical plaintiff claim that CoBank's breach of the Agreement (by redeeming) entitled it to accelerated return of that $1,000,000 in principal. Paragraph 6 of the Agreement (specifically those portions conspicuously omitted in Plaintiffs' Complaint) expressly prohibits that remedy for such a breach, limiting acceleration to an Event of Default, which is defined only as appointment of a receiver or conservator.

Thus, on each subsequent interest payment date (April 15 and October 15 through the date of maturity), the hypothetical plaintiff was essentially enriched by the difference between the $1,000,000 principal payment actually paid, and the sum of the cumulative interest payments that would have been due and owing on that date. For example, on October 15, 2016, if Plaintiffs are correct that CoBank was not entitled to have redeemed the 2008 Notes on that date either, then that same plaintiff was entitled to receive another $39,375 in interest. But that hypothetical plaintiff cannot claim to have suffered any economic damages as of October 15,

4

2016, because that plaintiff had actually received, as of that date, $960,625 more than it was entitled to have received under the Agreement (*i.e.*, the difference between the $1,000,000 it received and the sum of the two interest payments it should have received instead on that date).[6]

Similarly, on April 15, 2017, again if Plaintiffs are correct that CoBank was not entitled to have redeemed on that date either, then that same plaintiff was entitled to receive another $39,375 in interest. But that hypothetical plaintiff still cannot claim to have suffered any economic damages as of April 15, 2017, because that plaintiff had received, as of that date, $921,250 more than it was entitled to have received under the Agreement (*i.e.*, the difference between the $1,000,000 it received and the sum of the three interest payments it should have received instead on that date).

And, on October 15, 2017, again if Plaintiffs are correct that CoBank was not entitled to have redeemed, then that same plaintiff was entitled to receive yet another $39,375 in interest. But that plaintiff still cannot claim to have suffered any economic damages as of October 15, 2017, because that plaintiff still had received, as of that date, $881,875 more than it was entitled to have received (*i.e.*, the difference between the $1,000,000 it received and the sum of the four interest payments it should have received instead on that date).

Indeed, if Plaintiffs are correct that CoBank was not entitled to have redeemed the 2008 Notes, then the hypothetical plaintiff cannot claim to have suffered any economic damages through April 15, 2018, because through that date the plaintiff will still have been paid more than it was entitled to have received under the Agreement.

It is only as of April 16, 2018, that the plaintiff can claim to have suffered any economic damage. As of that date, the plaintiff would be entitled to receive $1,000,000, representing

---

[6] Plaintiffs have a duty to mitigate, so mitigation would need to be factored into any damages calculation.

return of its principal, plus another $39,375 final interest payment. At that point, and only at that point, the plaintiff could claim to have suffered economic damages of $157,500 (*i.e.*, $1,039,375 minus the $881,875 overage it had been paid previously). The same is true for each Plaintiff for every $1,000,000 in face value of 2008 Notes each held.

Insofar as Plaintiffs proffer a theory that supposes otherwise, they ignore the limitation of remedies set forth in paragraph 6 of the Agreement and black-letter law. *AboveNet*, 2010 WL 235005, at *5 (holding *absent acceleration provision* plaintiff may recover only those payments defendant failed to make as of the time of the filing of the lawsuit) (emphasis added). *See also Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003) (purpose of contract damages is to put aggrieved party in same economic position as had there been no breach); *Goodstein Constr. Corp. v. City of New York*, 80 N.Y.2d 366, 373 (1992); Robert L. Haig, COMMERCIAL LITIGATION IN NEW YORK STATE COURTS § 48:14, at 18; RESTATEMENT [SECOND] OF CONTRACTS § 347, cmt a.

    2.    **Because Plaintiffs Cannot Claim to Suffer Any Economic Damages Until April 16, 2018 at the Earliest, as a Matter of Law, Prejudgment Interest Cannot Begin to Accrue Until Then.**

Finally, assuming *arguendo* that Plaintiffs can maintain a claim for breach of the Agreement (they cannot), as a matter of law Plaintiffs cannot assert a claim for prejudgment statutory interest for any time prior to April 16, 2018.

CPLR 5001(b) governs prejudgment interest and states:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, *except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred* or upon all of the damages from a single reasonable intermediate date.

(*Id.*) Thus, even if Plaintiffs were correct as to breach, through April 15, 2018, they would have received more funds than they were entitled to receive and, thus, they cannot claim to have suffered any monetary damages through that date. Accordingly, as a matter of law, Plaintiffs cannot assert a claim for prejudgment statutory interest prior to April 16, 2018.

## CONCLUSION

For the foregoing reasons, CoBank respectfully requests that, if the Court finds CoBank breached the Agreement by redeeming the 2008 Notes (which it did not), as a matter of law Plaintiffs cannot claim to have suffered any monetary damages through April 15, 2018. As a result, as a matter of law, Plaintiffs cannot assert a claim for prejudgment statutory interest for any period prior to April 16, 2018.

Dated: New York, New York
       March 13, 2018

Respectfully submitted,

By: /s/ Shawn Patrick Regan
    Shawn Patrick Regan
    Joseph J. Saltarelli
    Peter Mustalish
    Jennifer Bloom
    Silvia N. Ostrower
    HUNTON & WILLIAMS LLP
    200 Park Avenue, 52nd Floor
    New York, New York 10166
    (212) 309-1000

*Attorneys for Defendant CoBank, ACB*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2018, I served the foregoing on all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities, and by electronic mail.

/s/ Shawn Patrick Regan
Shawn Patrick Regan