UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMCO INSURANCE COMPANY, *et al.*,<br><br>                 Plaintiffs,<br><br>        v.<br><br>COBANK, ACB,<br><br>                 Defendant. | No. 16-cv-4422-LTS-HBP |

**PLAINTIFFS'[1] REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
<u>SUMMARY JUDGMENT AS TO DAMAGES METHODOLOGY</u>**

---

[1] Plaintiffs are AMCO Insurance Company, American Family Life Assurance Company of Columbus, Americo Financial Life and Annuity Insurance Company, Athene Annuity and Life Company, Bank of Utica Investment Subsidiary, Ltd., Beaumont Health, Bio-Rad Laboratories, Inc., Continental Casualty Company, Crestbrook Insurance Company, Dedham Institution for Savings, Ephrata National Bank, Erie Family Life Insurance Company, Federated Life Insurance Company, Great Southern Life Insurance Company, Health Care Service Corporation, Metropolitan Life Insurance Company, Mutual of America Life Insurance Company, Nationwide Life and Annuity Insurance Company, Nationwide Life Insurance Company, Nationwide Mutual Insurance Company, The Northwestern Mutual Life Insurance Company, Ohio National Life Assurance Corporation, The Ohio National Life Insurance Company, Scottsdale Insurance Company, Scottsdale Surplus Lines Insurance Company, Tauck, Inc., Thrivent Financial for Lutherans, Veterinary Pet Insurance Company, Victoria Fire & Casualty Company, and Waukesha State Bank.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT.................................................................................................................................. 2
    **A.**    CoBank Does Not Dispute That Only Securities Matching the Rating Category and Maturity Date of The Notes Are "As Close As Possible" to The Notes, Which Legal Standard It Endorses. ................. 2
    **B.**    CoBank Is Attempting to Manufacture a Factual Dispute.......................... 3
CONCLUSION............................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*American General Corp. v. Continental Airlines Corp.*,
  622 A.2d 1 (Del. Ch. 1992)...................................................................................................4

*Imperial Coronado Partners, Ltd. v. Home Fed Sav. and Loan Ass'n (In re
  Imperial Coronado Partners, Ltd.)*,
  96 B.R. 997 (B.A.P. 9th Cir. 1989)........................................................................................3

*McGrath v. McGrath*,
  No. 0202753H, 2007 WL 738697 (Mass. Super. Ct. Feb. 12, 2007) .........................................4

*Prusky v. ReliaStar Life Ins. Co.*,
  532 F.3d 252 (3d Cir. 2008).................................................................................................4

*Teachers Ins. and Annuity Ass'n of Am. v. Ormesa Geothermal*,
  791 F. Supp. 401 (S.D.N.Y. 1991)..................................................................................2, 3, 4

**Other Authorities**

Fed. R. Civ. P. 56.....................................................................................................................1

Local Civil Rule 56.1............................................................................................................3, 4

Plaintiffs respectfully submit this reply memorandum of law, pursuant to Fed. R. Civ. P. 56, in further support of their motion for summary judgment against Defendant CoBank, ACB ("CoBank") regarding the methodology for calculating Plaintiffs' damages.

## PRELIMINARY STATEMENT

A reader of CoBank's opposition brief on damages may experience a sensation of cognitive dissonance. CoBank agrees that the "alternative investment" each Plaintiff can be deemed to have made when CoBank redeemed the Notes[2] must have "investment characteristics *as close as possible*" to the Notes. CoBank's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment as to Damages Methodology, ECF 129 ("Def. Opp.") at 4-5 (citing *Teachers Ins. and Annuity Ass'n of Am. v. Ormesa Geothermal*, 791 F. Supp. 401, 416 (S.D.N.Y. 1991) ("*Ormesa*")) (emphasis added). CoBank then argues that *lower-rated* securities maturing up to *ten years later* than the Notes' scheduled April 2018 maturity fit the bill because they have "similar characteristics" to the Notes. *Id.* at 5. CoBank does not, and cannot, argue that these securities are "as close as possible" to the Notes; its alleged expert, Dr. John Finnerty, used such securities *because* they differ from the Notes.

CoBank endorses the legal standard cited by Plaintiffs, yet does not attempt to comply with that standard, and *identifies no relevant and genuine factual disputes*.[3] CoBank agrees that "the question of proper damages methodology is . . . a question of law." CoBank's Response to Plaintiffs' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, ECF 130 ("R-SUMF") ¶ 369. Plaintiffs are thus entitled to summary judgment adopting their expert's (G. Grant Lyon) methodology of determining a Reinvestment Rate using only securities that, as of April 2016, were in the "A" rating category and were scheduled to mature in April 2018.

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in Plaintiffs' Statement of Undisputed Material Facts, ECF 121 ("SUMF").

[3] Neither does CoBank contest the wrongdoer rule or the Restatement principles that favor Plaintiffs.

1

**ARGUMENT**

    A.    **CoBank Does Not Dispute That Only Securities Matching the Rating Category and Maturity Date of The Notes Are "As Close As Possible" to The Notes, Which Legal Standard It Endorses.**

CoBank acknowledges that the *Ormesa* "as close as possible" standard applies, and does not dispute that securities in a lower rating category than the Notes *or* maturing years later than the Notes fail this test. *This should end the inquiry*. Yet, CoBank confuses the issues further.

First, CoBank leans heavily on **misquoted** text from *Ormesa*, which **did not use** the phrase "approximate creditworthiness." *Compare* Def. Opp. at 5 *with Ormesa,* 791 F. Supp. at 416 (where the original investment had "a credit quality of Aa," "the damage calculation should take into account . . . the lost opportunity to lend . . . to an entity of approximately Aa creditworthiness") (emphasis added). The court therefore "adopt[ed] as the interest rate at the time of breach the interest rate that prevailed in the market place . . . for 'Aa' corporate obligations of a maturity and average life similar to that" of the original investment. *Id.*[4] The *Ormesa* court was quite specific on this point, and this ultimately defeats CoBank's argument.

Second, CoBank argues that the yield-to-worst ("YTW") of the Notes just prior to the Redemption notice "approximated the yield for an index of corporate bonds in the BBB-rated category." Def. Opp. at 6. Yet Dr. Finnerty (1) admitted that this YTW figure was based on *indicative* data that did not match *actual* market transactions,[5] (2) included lower-rated securities *because* they were "riskier,"[6] and (3) testified that "bonds in different rating categories have

---

[4]  CoBank's reference to "notch-level" and "letter" rating splits is beside the point, as both Mr. Lyon and Dr. Finnerty utilized Bloomberg Composite Ratings, *see* Declaration of Gordon Z. Novod in Support of Plaintiffs' Motion for Summary Judgment, ECF 103 ("Novod Decl."), Ex. 86 (Finnerty Report) at Ex. 3, and Ex. 104 at Exs. 5.1 and 5.2, and Plaintiffs' motion does not address ratings notches, only categories.

[5]  *See* R-SUMF ¶ 395. Finnerty thus defied his published view that, when calculating damages, "market quotations should be real transactions, rather than indicative bid or ask quotations . . . or indicative prices." *Id.* ¶ 405.

[6]  Dr. Finnerty wrote that "market conditions" in 2016 "would incentivize at least some investors to seek longer maturities or *riskier investments* providing higher yields." R-SUMF ¶ 344 (emphasis added). Obviously, this is

2

different default rates, different levels of default risk." R-SUMF ¶ 392. CoBank does not, and cannot, argue that BBB-rated securities are "as close as possible" to the Notes.

As to the two-year remaining maturity of the Notes, CoBank observes that because the loan in *Ormesa* was never funded, the remaining and original duration of that loan—unlike the Notes at the time of the Redemption—were equal. True, but the *Ormesa* court's reasoning—that damages must account for the "lost opportunity" of which the plaintiff was deprived, 791 F. Supp. at 416—firmly supports Plaintiffs, whose lost opportunity derives from the two years between the Redemption and the Notes' maturity date. Only securities that were scheduled to mature in April 2018, like the Notes, can show Plaintiffs' "actual damages." *See, e.g., Imperial Coronado Partners, Ltd. v. Home Fed. Sav. and Loan Ass'n (In re Imperial Coronado Partners, Ltd.)*, 96 B.R. 997, 1001 (B.A.P. 9th Cir. 1989) (measuring "actual damages" caused by loan prepayment as "difference between the contract rate and the market rate *from the date of prepayment until the date of maturity*") (emphasis added). CoBank does not even try to argue that securities maturing up to a decade after the Notes are "as close as possible" to the Notes.

### B. COBANK IS ATTEMPTING TO MANUFACTURE A FACTUAL DISPUTE.

Conceding that damages methodology is a question of law, CoBank tries to create a factual dispute regarding "what constitutes reasonable mitigation." Def. Opp. at 1. But CoBank does not argue that Plaintiffs unreasonably failed to attempt to mitigate damages. That inquiry is distinct from the question, presented by Plaintiffs' motion, of what constitutes an appropriate

---

in tension with his deposition testimony, when confronted with the disparity between actual transaction prices, which were higher (and thus would result in a *lower* YTW for the Notes) than the indicative prices he used to calculate the Notes' YTW, that a lower YTW did *not* make the Notes "any less risky. Just has a -- it just has a lower yield." R-SUMF ¶ 402; *see also* SUMF ¶ 400-01. While CoBank disputes SUMF paragraph 401, it failed to "specifically controvert[]" that statement with citation to admissible evidence as required by Local Rule 56.1.

alternative investment. Much of the case law on which CoBank relies is thus inapposite.[7] *See Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 262 (3d Cir. 2008) (market-timing investor's investment in risk-free money market fund was not reasonable mitigation); *McGrath v. McGrath*, No. 0202753H, 2007 WL 738697, at *9 (Mass. Super. Ct. Feb. 12, 2007) (allowing evidence of claimant's investment history to evaluate reasonableness of mitigation efforts).[8]

In any event, Dr. Finnerty *did **not** determine Reinvestment Rates based on Plaintiffs' actual investments*. SUMF ¶ 336. Instead, he justified his reliance on lower-rated, later-maturing securities by cherry-picking a *subset* of the investments made by a *subset* of Plaintiffs. Novod Decl., Ex. 86, ¶¶ 37-38, 43, and Ex. 7. This neither shows that such securities are "as close as possible" to the Notes, nor creates a genuine factual dispute regarding the separate inquiry into the reasonableness of Plaintiffs' investment decisions following the Redemption. CoBank does not seriously dispute any of the facts on which Plaintiffs' motion relies, R-SUMF ¶¶ 330-405, 413, and has not alleged any additional relevant facts that give rise to a genuine factual dispute.

## CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to the requested summary judgment.

---

[7] CoBank also cites a portion of *Ormesa* that did *not* address alternative investments, but did explain applying a present-value discount rate that imputed *some* (*i.e.*, greater than zero) risk to the plaintiff. Because the plaintiff was a "sophisticated investor," the *Ormesa* court found "that the appropriate discount rate is the interest rate assumed for the 'alternative' investment." 791 F. Supp. at 417. Here, Plaintiffs' expert did just this, Plaintiffs' Local Civil Rule 56.1 Response to CoBank's Statement of Material Facts and Counter-Statement of Undisputed Material Facts, ECF 123, ¶ 80, which CoBank's expert did not attempt to refute. *Id.* ¶¶ 81-82.

[8] CoBank's reliance on *American General Corp. v. Continental Airlines Corp.* is curious, as that opinion rejected the defendant's mitigation defense because "a plaintiff need not take unreasonably speculative steps to meet that duty." 622 A.2d 1, 11 (Del. Ch. 1992) (citation omitted). Here, *CoBank*—not Plaintiffs—asserts that "unreasonably speculative" (that is, lower-rated and longer-term) securities are proper alternatives to the Notes.

4

Dated: New York, New York  
May 24, 2018

GRANT & EISENHOFER P.A.

By:  /s/ *Gordon Z. Novod*  
    Jay W. Eisenhofer  
    Gordon Z. Novod  
    Caitlin M. Moyna  
    Jonathan D. Park  
485 Lexington Avenue, 29th Floor  
New York, New York 10017  
(646) 722-8500

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I, Gordon Z. Novod, hereby certify that on May 24, 2018, I caused a copy of the foregoing to be served via CM/ECF on the following counsel:

        Shawn Patrick Regan
        Patrick L. Robson
        Joseph J. Saltarelli
        Jennifer L. Bloom
        Peter M. Mustalish
        HUNTON ANDREWS KURTH LLP
        200 Park Avenue
        New York, NY 10166
        sregan@huntonak.com
        probson@huntonak.com
        jsaltarelli@huntonak.com
        jbloom@huntonak.com
        pmustalish@huntonak.com

        */s/ Gordon Z. Novod*
        Gordon Z. Novod