UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMCO INSURANCE COMPANY, *et al.*,  :
                                                     :
                              Plaintiffs,            :
                                                     :
              - against -                            :        No. 16-cv-4422 (LTS) (HBP)
                                                     :
COBANK, ACB,                                         :
                                                     :
                              Defendant.             :
------------------------------------------------------------X

---

## REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF COBANK'S MOTION FOR
## SUMMARY JUDGMENT REGARDING DAMAGES

---

Shawn Patrick Regan
Joseph J. Saltarelli
Jennifer Bloom
Silvia N. Ostrower
Peter Mustalish
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
(212) 309-1000

*Attorneys for Defendant*
*CoBank, ACB*

# TABLE OF CONTENTS

**Page**

ARGUMENT ....................................................................................................................... 1

I.  THE NON-ACCELERATION PROVISION APPLIES TO PLAINTIFFS
BECAUSE THEY HAVE NO GREATER RIGHTS TO ENFORCE THE
AGREEMENT THAN THE REGISTERED HOLDER. ........................................... 1

II.  PLAINTIFFS WERE PAID MORE THAN $250 MILLION ON THE DATE OF
THE REDEMPTION AND THUS CANNOT HAVE BEEN HARMED WHEN
THEY WERE ENTITLED TO LESS THAN $10 MILLION HAD THERE BEEN
NO REDEMPTION. ................................................................................................. 4

III.  THE FACT THAT HOLDERS WOULD BE REQUIRED TO HAVE MITIGATED
ANY LOSSES DOES NOT BEAR ON WHETHER THEY MAINTAINED AN
ACCELERATION REMEDY UNDER THE TERMS OF THE AGREEMENT .................. 6

IV.  THAT NEW YORK LAW PERMITS DISCOUNTING DOES NOT BEAR ON
THE CONTRACT QUESTION ON THIS MOTION ................................................. 7

CONCLUSION ..................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                 **Page(s)**

*155 Henry Owners Corp. v. Lovlyn Realty Co.*,
    231 A.D.2d 559 (2d Dep't) (1996) ........................................................................6

*AboveNet Commc'ns, Inc. v. A&D Data Corp.*,
    2010 WL 235005 (S.D.N.Y. Jan. 19, 2010) ........................................................4

*Am. Elec. Power Co v. Westinghouse Elec. Corp.*,
    418 F. Supp. 435 (S.D.N.Y. 1976) ......................................................................3

*Banque de Paris et des Pays-Bas v. Amoco Oil Co.*,
    573 F. Supp. 1464 (S.D.N.Y. 1983)................................................................2, 3

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
    949 F. Supp. 2d 486 (S.D.N.Y. 2013).................................................................2

*Bristol Vill., Inc. v. Louisiana-Pac. Corp.*,
    170 F. Supp. 3d 488 (W.D.N.Y. 2016)...............................................................3

*Capital Ventures Int'l v. Republic of Argentina*,
    652 F.3d 266 (2d Cir. 2011)................................................................................4

*In re Connecticut National Bank*,
    928 F.2d 39 (2d Cir. 1991)..................................................................................7

*Desideiro v. Ochs*,
    100 N.Y. 2d 159 (2003) ......................................................................................7

*Diverse Partners, LP v. AgriBank, FCB*,
    2017 WL 4119649 (Sept. 14, 2017, S.D.N.Y.)...............................................1, 2

*F. Bender, Inc. v. Crow Const. Co.*,
    266 A.D.2d 503 (2d Dep't) (1999) ......................................................................6

*GMAC Commercial Credit LLC v. Springs Indus., Inc.*,
    171 F. Supp. 2d 209 (S.D.N.Y. 2001).................................................................3

*Hancock Mut. Life Ins. Co. v. Carolina Power & Light Co.*,
    717 F.2d 664 (2d Cir. 1983)................................................................................4

*Kaiser v. Fishman*,
    187 A.D.2d 623 (2d Dep't 1992) .........................................................................6

*McCready v. Lindenborn*,
    172 N.Y. 400 (1902) ...........................................................................................5

*Reyes v. Metromedia Software, Inc.*,
   840 F. Supp. 2d 752 (S.D.N.Y. 2012).............................................................................4

*Romar v. Alli*,
   120 A.D.2d 420 (1st Dep't 1986) .................................................................................5

*Teachers Insurance and Annuity Association of Americas v. Ormesa*,
   791 F. Supp. 401 (S.D.N.Y. 1991) ...............................................................................7

*Toledo v. Christo*,
   18 N.Y. 3d 363 (2012) ..................................................................................................7

*Vill. of Ilion v. Cty. of Herkimer*,
   23 N.Y.3d 812 (2014) ...................................................................................................7

**Statutes & Rules**

CPLR 50-A, 50-B ..............................................................................................................7

Death on the High Seas Act, 46 U.S.C. § 761 (1988).......................................................7

Fed. R. Civ. P. 56.............................................................................................................1

N.Y. Est. Powers & Trusts Law § 5-4, *et seq.* ................................................................7

N.Y. Gen. Oblig. Law § 13-105.......................................................................................3

Defendant CoBank, ACB ("CoBank") respectfully submits this Reply Memorandum of Law in Further Support of its Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, with respect to an issue of law on damages.  The Court does not need to reach this damages issue if it grants summary judgment in favor of CoBank on liability, as CoBank believes it should.

## ARGUMENT

### I.   THE NON-ACCELERATION PROVISION APPLIES TO PLAINTIFFS BECAUSE THEY HAVE NO GREATER RIGHTS TO ENFORCE THE AGREEMENT THAN THE REGISTERED HOLDER.

Plaintiffs' core argument is that the non-acceleration provision in the "Remedies" section of the Fiscal Agency Agreement ("FAA") applies to only "Holders" with a capital "H," which is referred to elsewhere in the document as the registered holder (CEDE & Co.), and does not apply to them because they were merely beneficial owners, or "holders" with a lowercase "h."  (Pl. Opp. Damages Br., Dkt. No. 125, at 4 ("The above-quoted provision regarding the remedies available to 'Holders,' ... does not limit the remedies available to Plaintiffs and other beneficial owners of the Notes. ...").)  Plaintiffs assert that their position is supported by *Diverse Partners, LP v. AgriBank, FCB*, 2017 WL 4119649 (Sept. 14, 2017, S.D.N.Y.) ("*AgriBank*").

As a threshold matter, Plaintiffs' argument that the non-acceleration provision does not apply to them because they are not "Holders" misapprehends the law.  To be permitted to accelerate, Plaintiffs must show that the FAA *affirmatively* grants an acceleration remedy. (CoBank Damages Br., Dkt. No. 108, at 3.)  And Plaintiffs do not point to any source that affirmatively does so, for "holders", "beneficial owners" or anyone under these circumstances.

Moreover, there is no basis to conclude that Plaintiffs can assert rights beyond the rights of Holders.  *AgriBank* does not support Plaintiffs here at all.  The issue in *AgriBank* was whether the beneficial owner, having received an authorization to sue from Cede & Co., had *standing*. AgriBank argued that "Plaintiff lack[ed] standing to sue" because the agreement provided only

that "Holders ... may enforce the Agreement" and "Plaintiff is a beneficial owner ... but not a Holder." *AgriBank* at *3.  The Court found that, because "Cede authorize[d] plaintiffs to commence and prosecute litigation" and the Fiscal Agency Agreement "provides that a Global Security can be transferred to and registered in the name of a non-DTC entity," the Agreement "clearly anticipates that beneficial owners of Global Securities—not just Holders—have the right under the contract to enforce its terms." *Id.*  Nothing in *AgriBank* supports a suggestion that receiving such authorization or transfer from Cede bestows upon the recipient rights *beyond* those possessed by Cede.  In fact, at its core *AgriBank* rejected the conceit Plaintiffs present here: that rights and remedies available to "Holders" and "holders" (beneficial owners) are different.[1] Contrary to Plaintiffs' assertion, *AgriBank* supports CoBank's position.

Indeed, Plaintiffs' theory fails on the facts and the law for additional reasons.  As a matter of fact, Cede's authorization letter to each Plaintiff was limited to "***action(s), CEDE & Co., as holder of the Notes, is entitled to take.***"  (Novod Decl. Exs. 1-4, 6-30 (emphasis added).) Plaintiffs do not dispute that Cede was barred from seeking acceleration of principal (except in a liquidation).  As a matter of law, even if Cede's authorization was not explicitly limited, Cede could not authorize, transfer, grant or assign rights that it does not have.  *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 502 (S.D.N.Y. 2013) ("an assignor may not in the first place 'confer any greater rights than at the time of such assignment he had himself'"); *Banque de Paris et des Pays-Bas v. Amoco Oil Co.*, 573 F. Supp. 1464, 1469 (S.D.N.Y. 1983)

---

[1] Plaintiffs' attempt to distinguish remedial rights of "Holders" and "holders" is further belied by the terms of the Offering Circular.  It plainly states: "Principal on the Notes may be accelerated only in the case of the appointment of a conservator or receiver for CoBank ...."  Regan Decl. Ex. 15 at 2415.  This restriction is not limited to "Holders."  Moreover, insofar as Plaintiffs assert they are merely "holders" not "Holders," the Offering Circular refers to "holders" (lower case "h") when stating that, "outside of a liquidation scenario[], a holder's remedy against CoBank would be to institute legal proceedings for the collection of the interest or principal, as the case may be, *then due*."  (*Id.* at 2454 (emphasis added).)

("[A]n assignee *or other party whose rights are premised on a contract is bound by the remedial provisions* bargained for between the original parties to the contract.") (emphasis added); *id.* ("The assignee of a ... right to payment under a contract does not ... take the interest ... free of all contractual limitations agreed to by the assignor [and] without regard to the contract's remedial procedure."); *GMAC Commercial Credit LLC v. Springs Indus., Inc.*, 171 F. Supp. 2d 209, 216 (S.D.N.Y. 2001) ("[A]n assignment cannot alter a contract's bargained-for remedial measures, for then the assignment would change the very nature of the rights assigned."). *See also Am. Elec. Power Co v. Westinghouse Elec. Corp.*, 418 F. Supp. 435, 449-50 (S.D.N.Y. 1976) ("It would be inconsistent ... for the non-signatory plaintiffs to assert vigorously that they are parties to the ... contract by virtue of agency or third party beneficiary doctrine, while at the same time contending that they are not bound by the limited remedies for breach incorporated in the precise terms of the agreement.")[2]; *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 170 F. Supp. 3d 488, 504-05 (W.D.N.Y. 2016) (rejecting plaintiffs' argument that remedies limitation did not apply to non-signatory, third party beneficiaries). N.Y. Gen. Oblig. Law § 13-105 (McKinney 2018) ("Where a claim ... can be transferred, the transfer thereof passes an interest, which the transferee may enforce by an action ... as the transferrer might have done; subject to any defense or counter-claim, existing against the transferrer....").

Finally, this conclusion is not changed by the fact that the Agreement also contains a remedies catch-all provision stating that "[n]o right or remedy herein conferred upon or reserved to the Holders is intended to be exclusive of any other right or remedy ...." (Pl. Opp. Damages

---

[2] The court's statement is especially on-point here. The essence of Plaintiffs' argument in the present case is that they have the right to sue to enforce the provisions under the Agreement, even though they are not the registered holder, but, at the same time, they are not limited by the remedial provisions of the Agreement *because* they are not the registered holder. Plaintiffs cannot have it both ways.

Br. at 4 (citing FAA § 6(d).)  That clause merely preserves rights and remedies that are "herein conferred upon or reserved to the Holders."  There are no words that "confer or reserve" a right to accelerate principal under the circumstances here.  To the contrary, it expressly bars the acceleration remedy.  *Accord AboveNet Commc'ns, Inc. v. A&D Data Corp.,* 2010 WL 235005, at *6 (S.D.N.Y. Jan. 19, 2010) ("given the absence of an acceleration clause," plaintiff may "only receive [prejudgment] interest on the … payments that have become due," notwithstanding catch-all provision preserving "any other remedies that it may have under this Agreement or by law").  Plaintiffs cannot use the general catch-all clause to render the specific non-acceleration limitation meaningless.  *See Reyes v. Metromedia Software, Inc.*, 840 F. Supp. 2d 752, 756 (S.D.N.Y. 2012) ("[It is a] cardinal rule that a contract should not be read to render any provision superfluous."); *see also Capital Ventures Int'l v. Republic of Argentina*, 652 F.3d 266, 271 (2d Cir. 2011) ("[A] specific provision … governs the circumstance to which it is directed, even in the face of a more general provision."); *Hancock Mut. Life Ins. Co. v. Carolina Power & Light Co.*, 717 F.2d 664, 670 n. 8 (2d Cir. 1983) ("[D]efinitive, particularized contract language takes precedence over expressions of intent that are general, summary or preliminary.").

## II.  PLAINTIFFS WERE PAID MORE THAN $250 MILLION ON THE DATE OF THE REDEMPTION AND THUS CANNOT HAVE BEEN HARMED WHEN THEY WERE ENTITLED TO LESS THAN $10 MILLION HAD THERE BEEN NO REDEMPTION.

Plaintiffs argue they were harmed immediately upon Redemption and prejudgment interest thus should begin to accrue on that date.  (Pl. Opp. Damages Br. at 5.)  Plaintiffs received their principal and accrued interest upon the Redemption (which totaled in excess of $250 million) and thus had the use of those funds at that time, while they only would have received an interest payment of less than $10 million had there been no redemption.

Under the terms of the 2008 Notes, Plaintiffs had a right to receive payments according to a set schedule. (Regan Decl. Ex. 14 at A-2.) Thus, their professed damages theory is based only on "being deprived of . . . interest owed to them." (Pl. Damages Br., Dkt. No. 120, at 3.) They do not assert damages based on any alleged loss of the ability to "sell, pledge, hypothecate or otherwise use or account for their Notes," as Plaintiffs conjure for the first time in their Opposition. (Pl. Damages Opp. Br. at 7; *cf.* Regan Decl. Ex. 25 at 9 ("Each Plaintiff is thus entitled to damages equal to the discounted present value of the incremental interest income the Plaintiff had lost as a result of the breach.").) Plaintiffs' Opposition does not otherwise controvert CoBank's authority or arguments. While Plaintiffs assert that CoBank's argument is based on inapposite case law (*id.* at 6), they offer no explanation. Plaintiffs cite *McCready v. Lindenborn*, 172 N.Y. 400 (1902), but omit the second half of the quoted sentence which, in full, reads, "[t]he breach of an agreement to pay money in installments is not a breach of the entire contract *and will not permit a recovery of all the damages in advance*." *Id.* at 408 (emphasis added). While Plaintiffs assert they were deprived of "the essence of the contract itself" (Pl. Opp. Damages Br. at 7) because they no longer possessed the 2008 Notes, the essence of the contract here entitled Plaintiffs only to periodic interest payments and the return of principal.

Finally, while Plaintiffs cite *Romar v. Alli*, 120 A.D.2d 420, 421 (1st Dep't 1986), for the theory that "[i]n these 'special circumstances' the principle on which CoBank relies does not govern," they present no "special circumstances" and overlook that, in *Romar*, the court found for defendant. *Id.* (rejecting plaintiff's argument and affirming dismissal of claim because it was based on "payments due in the future").

5

III.   **THE FACT THAT HOLDERS WOULD BE REQUIRED TO HAVE MITIGATED ANY LOSSES DOES NOT BEAR ON WHETHER THEY MAINTAINED AN ACCELERATION REMEDY UNDER THE TERMS OF THE AGREEMENT.**

Plaintiffs argue CoBank's motion conflicts with its mitigation defense. They contend that a hypothetical holder of $1 million in principal of the 2008 Notes "expended" $1 million in mitigation of damages. (Pl. Opp. Damages Br. at 9.) The arguments are astonishingly wrong.

First, contrary to Plaintiffs' suggestion, it is unremarkable that CoBank does not cite case law dealing with mitigation. CoBank is not moving for summary judgment on the issue of mitigation. Rather, CoBank is moving on the issue of the timing and calculation of prejudgment interest, in the event CoBank's motion for summary judgment on non-breach, which should be granted, is denied. Second, Plaintiffs misconstrue what is meant by "sums expended in the mitigation of damages." (Pl. Opp. Damages Br. at 9.) In fact, the cases cited by Plaintiffs recognize this precise legal distinction and support CoBank's arguments. *E.g. Kaiser v. Fishman,* 187 A.D.2d 623, 625 (2d Dep't 1992) (reversing lower court ruling for failing to draw distinction between dates for calculating interest on "cost to cure damages" (breach) and "out of pocket expenses" (mitigation) in contract case). Third, *F. Bender, Inc. v. Crow Const. Co.* and *155 Henry Owners Corp. v. Lovlyn Realty Co.* actually support CoBank's argument about how to calculate the date for prejudgment interest because they look to the date on which plaintiff was actually financially worse off than had the contracts been fully performed. *F. Bender, Inc.,* 266 A.D.2d 503, 504 (2d Dep't 1999) (rejecting plaintiff's argument and reversing lower court's decision, holding that prejudgment interest should begin to accrue, not on the date of the breach but at a later time to coincide with the date on which plaintiff had expended more than the contract price); *155 Henry Own.,* 231 A.D.2d 559, 560 (2d Dep't 1996) (same).

6

## IV.    THAT NEW YORK LAW PERMITS DISCOUNTING DOES NOT BEAR ON THE CONTRACT QUESTION ON THIS MOTION.

Finally, Plaintiffs' statement that "New York law permits the discounting of future damages back to the date of the breach before calculating statutory prejudgment interest" (Pl. Opp. Damages Br. at 10), is inapposite to the straightforward contract question at issue on this motion. *Village of Ilion* merely observes that prejudgment interest should run "from when … payment *became due*" — the argument that CoBank is making here. *Vill. of Ilion v. Cty. of Herkimer*, 23 N.Y.3d 812, 820 (2014) (emphasis added). And *Teachers Insurance and Annuity Association of Americas v. Ormesa*, 791 F. Supp. 401 (S.D.N.Y. 1991), does not provide a basis for denying CoBank's motion. *Ormesa* merely set forth a valid method for calculating damages where the defendant never consummated the loan transaction with the plaintiff-lender. The plaintiff thus was damaged as of the date the defendant breached. There was no acceleration/non-acceleration issue and it was reasonable to calculate damages by taking the present value of the stream of payments the lender-plaintiff would have received, reducing that amount by reasonable mitigation and calculating pre-judgment interest based on that sum. The fact that *Ormesa* calculated damages using a reasonable method does not provide a ground for ignoring the fact that here, unlike in *Ormesa*, (i) the contract terms barred acceleration as a remedy, and (ii) Plaintiffs actually received from CoBank more money than they would have under the contract for the first two years.[3] Those are the legally dispositive points relevant here.

---

[3] *In re Connecticut National Bank* barely warrants a response. It concerned damages under the federal Death on the High Seas Act (46 U.S.C. § 761 (1988)), which utilizes specific rules and formulas to calculate future earnings, losses and other considerations. 928 F.2d 39, 41 (2d Cir. 1991). Damage calculations in wrongful death, medical malpractice and personal injury actions are typically controlled by a special sphere of common law and specific statutes not applicable to the present case — including in New York where these issues are largely dictated by statute, thus making Plaintiffs' reliance on *Toledo v. Christo*, 18 N.Y. 3d 363 (2012) (wrongful death) and *Desideiro v. Ochs*, 100 N.Y. 2d 159 (2003) (medical malpractice) also inapposite to this motion. *See* N.Y. EST. POWERS & TRUSTS LAW § 5-4, *et seq.* (McKinney 2018); CPLR 50-A, 50-B (McKinney 2018).

## CONCLUSION

For the foregoing reasons, as a matter of law, Plaintiffs cannot assert a claim for prejudgment statutory interest for any period prior to April 16, 2018.

Dated: New York, New York
      May 24, 2018

Respectfully submitted,

By: _____
    Shawn Patrick Regan
    Joseph J. Saltarelli
    Jennifer Bloom
    Silvia N. Ostrower
    Peter Mustalish
    HUNTON ANDREWS KURTH LLP
    200 Park Avenue, 52nd Floor
    New York, New York 10166
    (212) 309-1000

    *Attorneys for Defendant CoBank, ACB*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2018, I served the foregoing on all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities, and by electronic mail.

_____
Shawn Patrick Regan